# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN O. OSBORNE, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| SHELIA OUBRE, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:12-CV-2055-TWT-JFK |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Petitioner, John O. Osborne, challenges via 28 U.S.C. § 2254 the constitutionality of his 2006 Cobb County convictions. The matter is now before the Court for consideration of the petition, (Doc. No. 1); Respondent's answer-response, (Doc. No. 4), and motion to dismiss the petition as untimely, (Doc No. 5); and Petitioner's reply and notice, (Doc. Nos. 6, 8). For the reasons stated below, the undersigned recommends that Respondent's motion be granted and that the petition be dismissed as untimely.

## I. Discussion

The Cobb County Grand Jury indicted Petitioner for rape, incest, child molestation (two counts), and aggravated sexual battery, Cobb County Criminal Action Number 04-9-2766. (Resp't Ex. 2a/Part 2 at 146-49). A Cobb County jury found

Petitioner guilty on all charges. (Resp't Ex. 2b/Part 1 at 350-51). On March 15, 2006, the trial court sentenced Petitioner to a twenty-year term of imprisonment for rape and incest, two consecutive twenty-year terms for child molestation, and a consecutive ten-year term for aggravated sexual battery. (Id. at 355-60). Petitioner moved for a new trial, and the trial court denied that motion on April 25, 2007. (Id. at 364, 384-88). Petitioner appealed, and on May 29, 2008, the Georgia Court of Appeals affirmed his convictions. Osborne v. State, 291 Ga. App. 711, 662 S.E.2d 792 (2008). The Georgia Supreme Court denied *certiorari* on September 22, 2008. Id.

On November 12, 2008, Petitioner, while confined in Baldwin State Prison in Baldwin County, filed a state habeas corpus petition in the Cobb County Superior Court, case number 08110475-49. Complaint, Osborne v. Warden, No. 08-110475-49 (Cobb County Super. Ct. Nov. 12, 2010).[1] The Warden moved that the petition be transferred to Baldwin County as the Cobb County Superior Court was without jurisdiction. Motion to Transfer, Osborne, No. 08-110475-49. On November 10,

---

[1]The docket for the Cobb County habeas action may found at http://www.cobbsuperiorcourtclerk.com/index.htm (follow "Court Case Docket" hyperlink; then follow "Civil Search" hyperlink; then follow "Name" hyperlink, Osborne John) (last visited December 19, 2012).

2010, the Cobb County Superior Court dismissed the petition without prejudice. Order of Dismissal, Osborne, No. 08-110475-49.

Meanwhile, on May 7, 2009, Petitioner filed a state habeas corpus petition in the Baldwin County Superior Court, civil action number 09cv43237. (Resp't Ex. 1). That court denied his petition on November 19, 2009. (Resp't Ex. 3). On March 7, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to obtain further review of the denial of his state habeas corpus petition. (Resp't Ex. 4). Respondent states that Petitioner sought reconsideration and that the Georgia Supreme Court denied reconsideration on September 12, 2011. (Doc. No. 5, Br. at 2).

Additionally, on February 19, 2011, Petitioner filed in his criminal action a motion to modify his sentence, and the trial court denied that motion on April 14, 2011. (See Doc. No. 1 at 3); see also Order, State v. Osborne, No. 04902766-18 (Cobb County Super. Ct. Mar. 15, 2008), docket date 5/15/2011.[2] On June 10, 2011, Petitioner filed in the trial court an extraordinary motion for a new trial, and the trial court denied that motion on September 26, 2011. (Resp't Exs. 5, 6).

---

[2]The docket for the Cobb County criminal action may found at http://www.cobbsuperiorcourtclerk.com/index.htm (follow "Court Case Docket" hyperlink; then follow "Criminal Search" hyperlink; then follow "Name" hyperlink, Osborne John Opie) (last visited December 19, 2012).

AO 72A
(Rev.8/82)

On June 11, 2012, Petitioner filed his federal petition in this Court.[3] (Doc. No. 1). Respondent moves that the petition be dismissed as untimely. (Doc. No. 5). Petitioner replies. (Doc. Nos. 6, 8). Petitioner's reply is difficult to understand. He appears to assert – as relevant to the timeliness of his federal petition – (1) that he initially filed his state habeas corpus petition in the wrong court on November 12, 2008; (2) that on October 11, 2011, he sought reconsideration of the denial of his extraordinary motion for a new trial and has not received a response (thus indicating that the motion remains pending); (3) that on September 19 or October 17, 2011, he filed a second motion for reconsideration of the denial of his application for a certificate of probable cause, which was denied on approximately October 20, 2011 (thus extending the time that his state habeas proceedings remained pending); (4) that he filed an earlier federal petition that he voluntarily dismissed; (5) that he had until March 29, 2013, to file his federal petition under 28 U.S.C. § 2263; and (6) that he had four years from the date his convictions became final in which to file his federal petition. (Doc. No. 6 at 3-4, 20; see also Doc. No. 8 at 5).

---

[3]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

4

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011). In addition, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. Id. at 1268 (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)) (internal quotation marks omitted); see also Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), cert. denied, _ U.S. _, 133 S. Ct. 351 (2012).

There being no suggestion in the record before the Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's convictions "became final by the conclusion of direct review or the

6

expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on Monday, December 22, 2008, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, 90 days after the Georgia Supreme Court on September 22, 2008, denied *certiorari*. See Sup. Ct. R. 13, 30; Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003).

Petitioner was confined in Baldwin County at the time he filed his November 12, 2008, state habeas corpus petition in the Cobb County Superior Court. That petition was not properly filed and did not provide statutory tolling. Under O.C.G.A. § 9-14-43, a habeas corpus petition "must be filed in the superior court of the county in which the petitioner is being detained" or, if he is not detained, the petition "must be filed in the superior court of the county in which the conviction and sentence which is being challenged was imposed." A Georgia "Superior Court [is] without jurisdiction to consider a habeas corpus petition that ha[s] been improperly *filed* in that county." Wilkes v. Terry, 290 Ga. 54, 56 n.2, 717 S.E.2d 644, 646 n.2 (2011) (emphasis in original) (citing Nix v. Watts, 284 Ga. 100, 664 S.E.2d 194 (2008)); Johnson v. State, 287 Ga. App. 759, 761, 652 S.E.2d 836, 839 (2007) ("Because the record shows that [the defendant] is not incarcerated in Rockdale County where he filed the motion, the

7

Rockdale County Superior Court lacked jurisdiction to consider whether the motion could be construed as a habeas corpus petition and properly dismissed the motion.").

Accordingly, after Petitioner's conviction became final on December 22, 2008, 137 days of the federal limitations period ran until it was tolled on May 7, 2009, when he filed his state habeas petition in the Baldwin County Superior Court, with 228 days remaining. Petitioner's properly-filed state habeas corpus petition appears to have remained pending until September 12, 2011, when Respondent states that the Georgia Supreme Court denied reconsideration of its denial of Petitioner's application for a certificate of probable cause to appeal. Additionally, if the Court generously deems tolling Petitioner's motion for a new trial and motion to modify sentence, the federal limitations period would have remained tolled through September 26, 2011, at the latest. Based on the date of September 26, 2011, an additional 258 days – for a total of 395 untolled days – had past when Petitioner filed his federal petition on June 11, 2012. Thus, Petitioner's federal petition is untimely.[4]

Nothing in Petitioner's reply changes the above conclusion. The trial court docket reveals no pending motion, filed on or near October 11, 2011, that seeks

---

[4]A review of Petitioner's pleadings reveals nothing that entitles him to additional time due to equitable tolling or the actual innocence exception.

8

reconsideration of the denial of his extraordinary motion for a new trial. See docket, Osborne, No. 04902766-18. Accordingly, the Court finds that the extraordinary motion for a new trial was denied on September 26, 2011, and was not pending after that date. Additionally, the Georgia Supreme Court does not allow a second motion for reconsideration of the denial of an application for a certificate of probable cause unless the party obtains permission from the Georgia Supreme Court. See Ga. Sup. Ct. R. 27. There is no evidence in the record that Petitioner obtained such permission. Thus, any second motion for reconsideration of the denial of his application for a certificate of probable cause that Petitioner may have attempted to file would not have been properly filed and would not have provided any additional tolling of the federal limitations period. Petitioner's filing and voluntary dismissal of an earlier federal petition does not affect the timeliness of his current federal petition. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that federal limitations period is not tolled during pendency of earlier federal habeas corpus petition). Section 2263 applies to capital convictions and is not relevant here. Petitioner did not have four years in which to file his federal petition – the federal limitations period is one year. Accordingly, it is recommended that this petition be dismissed as untimely.

## II. Certificate of Appealability ("COA")

AO 72A
(Rev.8/82)

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

10

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS RECOMMENDED** that Respondent's motion to dismiss the petition as untimely, (Doc No. 5), be **GRANTED** and that this action be **DISMISSED** as untimely.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 2nd day of January, 2013.

/s/ Janet F. King

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)